UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MICHELLE MAZA** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 22-3314** |
| **CANADIAN NATIONAL RAILWAY, et al.** | **SECTION: "G" (4)** |

## ORDER AND REASONS

Before the Court is Matthew K. Handy and the Handy Law Firm's (collectively "Intervenors") Motion to Intervene.[1] Intervenors request that the Court grant them leave to file an intervention for attorneys' fees and costs associated with their prior representation of Plaintiff Michelle Maza ("Plaintiff") regarding the alleged incident in this case.[2]

On September 16, 2022, Plaintiff filed a complaint in this Court against Defendant Canadian National Railway ("Defendant"), alleging that Defendant's negligence contributed to Plaintiff's injuries after she fell on a railroad track owned and maintained by Defendant.[3] Intervenors claim that Plaintiff initially retained Intervenors as counsel in this matter, before terminating them as counsel of record on January 24, 2024.[4] On February 21, 2024, the Court granted Plaintiff's motion to withdraw Intervenors as counsel.[5]

---

[1] Rec. Doc. 53.

[2] *Id*. at 1.

[3] Rec. Doc. 1. Canadian National Railway was later substituted for Defendant Illinois Central Railroad Company.

[4] Rec. Doc. 14-1 at 1.

[5] Rec. Doc. 26.

The instant motion to intervene is unopposed. The parties do not dispute that Intervenors have the right to intervene under Federal Rule of Civil Procedure 24(a)(2). Rule 24(a)(2) provides that on timely motion, the Court must permit anyone to intervene who:

> [C]laims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.[6]

In addition to the requirements of Rule 24(a), Fifth Circuit precedent dictates that in a diversity action, as here, the party seeking to intervene must independently meet the appropriate jurisdictional requirements.[7] In *Griffin v. Lee*, the Fifth Circuit dismissed the intervenor's petition of intervention because the district court lacked subject matter jurisdiction.[8] 28 U.S.C. § 1367 provides that, in diversity actions, "district courts shall not have supplemental jurisdiction" over claims made by parties "seeking to intervene as plaintiffs under Rule 24" of the Federal Rules of Civil Procedure, "when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of [28 U.S.C. § 1332]."[9]

The instant motion does not indicate whether Intervenors are seeking to intervene as plaintiffs or defendants. In *Griffin v. Lee*, the Fifth Circuit held that the attorney seeking to intervene to recover attorneys' fees was aligned with the plaintiff.[10] Based on this precedent, the Court finds that Intervenors here are aligned with Plaintiff.

---

[6] Fed. R. Civ. P. 24(a)(2).

[7] *Griffin v. Lee*, 621 F.3d 380 (5th Cir. 2010).

[8] *Id.* at 387.

[9] 28 U.S.C. § 1367(b).

[10] *Griffin,* 621 F.3d at 388.

Original jurisdiction in the underlying lawsuit was founded solely upon diversity pursuant to 28 U.S.C. § 1332. This statute provides, in pertinent part that, "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between— citizens of different States...." Thus, § 1332 requires that the amount in controversy exceed $75,000, and that the action be between citizens of different states.

In analyzing the complete diversity requirement of 28 U.S.C. § 1332, Intervenors and Plaintiff are both Louisiana citizens, and Defendant Illinois Central Railroad Company is identified as a citizen of Illinois.[11] As such, the parties are completely diverse. However, Intervenors fail to address the jurisdictional amount in controversy. Without further information the Court is unable to determine whether the amount in controversy exceeds $75,000, as it is not facially apparent from Intervenor's Complaint. Accordingly,

**IT IS HEREBY ORDERED** that Intervenors submit summary-judgment-type evidence regarding the amount in controversy within fourteen days of this Order.

**NEW ORLEANS, LOUISIANA,** this 31st day of July, 2024.

                                                  **NANNETTE JOLIVETTE BROWN**
                                                  **CHIEF JUDGE**
                                                  **UNITED STATES DISTRICT COURT**

---

[11] Rec. Doc. 9.